IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JENNIFER R.,[1]                          3:19-cv-01821-BR

      Plaintiff,                     OPINION AND ORDER

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

      Defendant.


KEVIN KERR
Kerr Robichaux & Carroll
PO Box 14490
Portland, OR 97293
(503) 255-9092

        Attorneys for Plaintiff

SCOTT ASPHAUG
Acting United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**WILLY LE**
Acting Regional Chief Counsel
**L. JAMALA EDWARDS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3749

      Attorneys for Defendant

**BROWN, Senior Judge.**

    This matter comes before the Court on Plaintiff's Motion (#17) for Attorney Fees Under 42 U.S.C. § 406(b) in which Plaintiff's counsel seeks $17,406.49 in attorney fees.

    For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and **AWARDS** Plaintiff's counsel $17,406.49 in attorney fees less the Court's award of $2,272.49 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

<u>BACKGROUND</u>

    Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) in 2016. The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on August 31, 2018.

    On October 25, 2018, the ALJ issued a decision in which he found Plaintiff is not disabled and, therefore, is not entitled to Social Security benefits.  On September 6, 2019, the Appeals

2 - OPINION AND ORDER

Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

On November 12, 2019, Plaintiff appealed the denial of benefits to this Court.

On August 14, 2020, the parties filed a Stipulated Motion for Remand in which they moved to remand this matter to the ALJ for further administrative proceedings.

On August 17, 2020, the Court entered an Order granting the parties' Stipulated Motion for Remand and remanding the matter to the ALJ for further proceedings.

On November 12, 2020, Plaintiff filed a Stipulated Motion for Attorney Fees Under 28 U.S.C. § 2412(d), in which Plaintiff's counsel requested $2,272.49 in attorney fees pursuant to EAJA.

On November 16, 2020, the Court granted Plaintiff's Stipulated Motion and awarded Plaintiff's counsel $2,272,49 in attorney fees pursuant to EAJA.

On remand Plaintiff received a "fully favorable" decision from the ALJ and was awarded back benefits in the amount of $69,626.00.  Pl.'s Mot. for Attorney Fees, Ex. 3 at 1-2.

On January 13, 2021, Plaintiff filed a Motion (#17) for Attorney Fees Under 42 U.S.C. § 406(b), in which Plaintiff's counsel requests $17,406.49 in attorney fees.  The government filed a Response to Plaintiff's Motion on January 26, 2022.  The Court took this matter under advisement on January 26, 2022.

**STANDARDS**

An attorney who represents a Social Security claimant in court may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant, payable "out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A).

"A district court charged with determining a reasonable fee award under § 406(b) must respect . . . 'lawful attorney-client fee agreements . . . looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009)(quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "[T]he court[, however,] may . . . reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

**DISCUSSION**

**I.    Attorney Fee Agreement**

On August 14, 2018, Plaintiff entered into a contingent-fee agreement with counsel in which Plaintiff agreed to pay her attorney "the greater of 25% of any past-due benefits or such amounts as are awarded to my attorney pursuant to [EAJA]." Pl.'s Mot. for Attorney Fees, Ex. 1 at 1. This type of contingency-fee agreement for 25 percent of past-due benefits awarded is

4 - OPINION AND ORDER

"characteristic" of Social Security benefit cases and does not exceed the statutory standard.  *See Gisbrecht*, 535 U.S. at 807.

## II.  Reasonableness of Attorney Fees Requested

"[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.  As noted, the Ninth Circuit has held requested fees may be reduced for reasons such as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.  No single factor is dispositive. *Gisbrecht*, 535 U.S. at 807.  The district court's decision with respect to a fee award "qualif[ies] for highly respectful review." *Id.*

Here Plaintiff's counsel requests fees for 11 hours of attorney time in the amount of $17,406.50, which is 25 percent of Plaintiff's past-due benefits.  Plaintiff's counsel was able to secure an award of past-due benefits for Plaintiff through litigation at the federal district-court level after Plaintiff had sought and been denied benefits by an ALJ and that decision had been upheld by the Appeals Council.  The Court finds Plaintiff's counsel provided competent, capable representation that successfully secured over $69,000 in past-due benefits for Plaintiff.  Moreover, the record reflects counsel did not cause any undue delay of Plaintiff's claim.

The Court also has considered the hourly rate that the

contingency fee would yield under a lodestar calculation.  The
Court has reviewed the billing records that Plaintiff's counsel
submitted and finds the 11 hours expended to secure Plaintiff's
benefits are reasonable.  The resulting hourly rate under a
lodestar analysis would be $1,582.41, which the government
asserts in its Response would be a windfall to counsel.  The
government relies on *Soriano v. Saul*, in which the Ninth Circuit
affirmed the district court's reduction of attorney fees from
$20,000 in requested fees to $15,000 on the grounds of the small
number of hours expended (13.1 attorney hours and 4.6 paralegal
hours), and the relatively simple legal issues and medical
record.  831 F. App'x, 844, 844-45 (9th Cir. 2020).  The
government also points to *Robles v. Berryhill*, in which the court
concluded $20,000 in attorney fees was "excessively large" in
comparison to the hours spent on the case.  No. 5:16-cv-
02318-GJS, 2019 WL 1581411, at *2 (C.D. Cal. Jan 16, 2019).  In
*Robles* the plaintiff's counsel sought $20,000 in attorney fees
for 13.7 attorney hours and 3.9 paralegal hours.  *Id*. Although
counsel had reduced his fees to 16.6 percent of the past-due
benefits awarded to the plaintiff, the court concluded the
reduced amount of fees sought constituted a windfall and reduced
the fees to $16,000 for an effective hourly rate of $909.

Here Plaintiff's counsel asserts the requested fee amount is
not unprecedented and that counsel assumed "significant risk" in

accepting this case, including "the risk that no benefits would
be awarded." *Crawford*, 586 F.3d at 1152.  In addition, several
district courts in the Ninth Circuit found similar awards did not
constitute windfalls.  For example, in *Schultz v. Berryhill* the
court found an award of $18,000 in attorney fees was not a
windfall when counsel spent 11.1 hours on the case on the grounds
that "counsel obtained a favorable result in the form of a remand
and subsequent award of substantial past benefits[,] [t]here
[was] no evidence counsel caused any delay to increase the
contingent amount[, and] the fees [were] not excessively large in
relation to the past-due benefits obtained for the claimant."
No. 2:19-CV-00096-BNW, 2021 WL 1381128, at *2 (D. Nev. Apr. 9,
2021).  Similarly, in *Escamilla v. Saul* the court found attorney
fees of $30,000 for 11.2 hours of attorney time and 3.45 hours of
paralegal time was not a windfall.  No. 17-CV-01621-BAS-JMA, 2020
WL 5064321, at *3 (S.D. Cal. Aug. 27, 2020).  The court noted
although $30,000 resulted in a high effective hourly rate, the
court did "not want to penalize counsel for being efficient" and
that counsel "chose to bear the risk of non-payment in the event
that the appeal was unsuccessful," accordingly "consideration of
the hourly rate [was] not particularly helpful."  *Id*.  *See also*
*Reddick v. Berryhill*, No. 16-CV-29-BTM-BLM, 2019 WL 2330895, at
*2 (S.D. Cal. May 30, 2019)(approving an attorney fee award with
an effective hourly rate of $1990); *Palos v. Colvin*, No. CV 15-

04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016)
(approving attorney fees with an effective hourly rate of
$1,546.39); *Daniel v. Astrue*, No. EDCV 04-01188-MAN, 2009 WL
1941632, at *2-3 (C.D. Cal. July 2, 2009)(approving attorney fees
with an effective hourly rate of $1,491.25).

As the Ninth Circuit noted in *Crawford* "[l]odestar fees will
generally be much less than contingent fees because the lodestar
method tends to under-compensate attorneys for the risk[s] they
undertook in representing their clients."  586 F.3d at 1150.
These include "the risk that no benefits would be awarded or that
there would be a long court or administrative delay in resolving
the cases." *Id*. at 1152.  "Given the deferential standard of
review, [social security] cases are hard to win." *Reddick*, 2019
WL 2330895, at *2.  In addition, as noted, there is not any
evidence in this case of substandard performance or delay by
counsel.

On this record the Court concludes an attorney fee award of
$17,406.50 is reasonable.


## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#17)
for Attorney Fees Under 42 U.S.C. § 406(b) and **AWARDS** Plaintiff's
counsel $17,406.49 in attorney fees less the Court's award of

$2,272.49 in EAJA fees.  *See Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED.

DATED this 31st day of January, 2022.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge

9 - OPINION AND ORDER